## THE LONG BRANCH COMMISSIONERS

v.

## THE WEST END RAILROAD COMPANY.

1. A railroad constructed under the general railroad law may con nect with another railroad at a point where there is neither town, city nor village.

2. Both terminal points of a railroad, constructed for the purpose of forming a connection between existing roads, may be in the same town, city or village.

3. A railroad constructed under the general railroad law may law- .fully occupy a public highway to the extent of a reasonable necessity.

4. A complainant is not entitled to a preliminary injunction when the right on which he founds his claim is, as a matter of law, unsettled.

On motion for injunction, heard on bill, answer and affidavits.

*Mr. J. S. Applegate* and *Mr. Jacob Vanatta*, for motion.

*Mr. S. H. Jones* and *Mr. William Walter Phelps, contra.*

THE VICE-CHANCELLOR.

The defendants are a corporation formed under the general railroad law. They acquired corporate powers for the purpose of constructing a railroad from a point in the line of the Long Branch and Sea Shore Railroad to a point in the line of the New York and Long Branch Railroad, and thus connect the two roads. The proposed road is about two miles long, and both its terminal points are within the territorial limits of the town of Long Branch. The complainants seek to enjoin the construction of the proposed road, first, because, they say, no corporation formed under the general railroad law is authorized to construct a road where both of its termini are within the limits of the same town, city or village; and, second, because this road, as now located, will occupy certain public highways to an unnecessary or unreasonable extent.

Roads less than ten miles in length are clearly authorized. The first section enacts that, in case a proposed road is less than ten miles in length, any number of persons not less than seven may form a company for the purpose of constructing it. (*Rev.* p. 925.) Public use or benefit, and not extent or length, is the essential test. The language which furnishes the basis of the first ground taken by the complainants is found in the eleventh section. (*Rev.* p. 927.) That section authorizes a corporation formed under the act to construct railroad between the points named in its articles of association, *commencing at or within, and extending to or into, any town, city or village named as the place of the termini of such road.* It is contended that these words plainly mean that each terminus must be at or within a different town, city or

village; in other words, that the road must commence at or within one town, city or village, and extend to or into another town, city or village. The direction is in the disjunctive. The road may commence either at or within, and extend either to or into, a town, city or village. A road commencing at a point in the western boundary of the city of Newark, and extending to the city hall, would be located strictly in accordance with the letter of the act. It would commence at a city and extend into a city. It is true, it would not commence at one city and extend to or into another, but the law does not say that it shall, but simply that it shall commence at and extend into a city. I am unable to see a plain design in these words to restrict the termini of a road constructed under this act to two different towns, cities or villages.

But this is not the only part of this statute to be considered. In construing it, all parts of it bearing on the question in hand must be kept in view, and it must be so interpreted as that all parts of it shall have effect. The twenty-third section expressly declares that a corporation whose road shall be constructed under this law shall have the right to connect its road with any railroads within this state or any other state. The sole purpose of the acquisition of corporate functions by the defendants was to build a connecting road between two existing roads. Such purpose is specially legalized. A junction with a foreign road at or within a town, city or village, on many portions of one boundary, is impossible. To construe the statute as requiring it would defeat one of its plainly-declared objects. The highest tribunal of the state has declared that a junction or connection may be made at a point where neither town, city nor village exists.

Judge Dixon, speaking for the whole bench of the court of errors and appeals, in *Att'y-Gen.* v. *Delaware and Bound Brook R. R. Co.*, 12 *C. E. Gr.* 645, says: "For the purpose of exercising the rights plainly intended to be conferred by the twenty-third section, the legislature, in my judgment,

Long Branch Com'rs *v.* West Line R. R. Co.

empowered corporations to locate and construct railroads between places designated in their articles of association other than towns, cities or villages." The connection sought to be made in the case just cited was with a road constructed under the authority of a foreign state, but the right to connect with roads, both without and within the state, is conferred in the same sentence, and by the same words, and the rule of construction, therefore, must, necessarily, be the same in both cases.

The complainants' first ground, in my opinion, is not well taken, but, even if the defendants' authority to construct this road could be considered doubtful, the existence of such doubt would be fatal to the complainants' claim. A complainant is not in a position to ask for a preliminary injunction when the right on which he founds his claim is, as a matter of law, unsettled. *Citizens Coach Co.* v. *Camden Horse R. R. Co.,* 2 *Stew.* 304; *Att'y-Gen.* v. *Delaware and Bound Brook R. R. Co.,* 12 *C. E. Gr.* 24; *Hackensack Improvement Commission* v. *N. J. Midland R. R. Co.,* 7 *C. E. Gr.* 94. The complainants' right to invoke the exercise of the prohibitory power of the court, at this stage of their suit, depends entirely upon the defendants' want of authority. If that question has already been determined against the defendants by the judgment of the appropriate tribunal, or must be according to settled legal principles, the complainants are, as a matter of clear right, entitled now to the aid of the court, but not otherwise. No such determination has been made. The complainants' right is undetermined and in doubt, and they cannot, therefore, have the remedy they seek until they have first established their right.

I do not think the matter of fact on which the complainants' second claim to relief rests, is sufficiently established to justify the allowance of a preliminary injunction. It cannot be doubted that the defendants, in the construction of their road, have a right to occupy the highways to the extent of a reasonable necessity. *Morris and Essex R. R. Co.* v. *City of Newark,* 2 *Stock.* 352; *Att'y-Gen.* v. *Morris and*

37

*Essex R. R. Co.*, 4 *C. E. Gr.* 386 ; *Newark and New York R. R. Co.* v. *City of Newark*, 8 *C. E. Gr.* 522. Such right may arise by implication. The complainants allege that the occupation by the defendants' road of certain streets of Long Branch will exceed this limit, while the defendants say that the location of their road, at the point of contest, has been carefully and judiciously made, and so as to do as little damage to the streets as can be done if the line of their road is made reasonably direct. The main point of the contest is at the crossing of a street called Second avenue. The defendants say, in order to construct their road skillfully and properly, it must cross this street longitudinally, while the complainants insist it should cross at a right angle, and that the curve necessary to be made to do so will be neither unusual nor objectionable. It will thus be seen, the point in dispute presents simply a question in engineering, which must be decided almost exclusively on the evidence of experts. This was the view expressed by the chief justice in the case last referred to. The material now before the court for the guidance of its judgment on this point, is exceedingly scanty. One expert on each side has expressed an opinion under oath—they are, of course, somewhat conflicting—but neither is supported by sufficient reasons to make it the fit basis of a judicial determination. It is enough to say, I am not satisfied the defendants' road will occupy or encroach upon any part of the highways under the supervision of the complainants to an unreasonable or unnecessary extent.

An injunction must be denied.